UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BAKERY AND CONFECTIONERY UNION
AND INDUSTRY INTERNATIONAL
PENSION FUND,
and
BOARD OF TRUSTEES OF THE BAKERY
AND CONFECTIONERY UNION
AND INDUSTRY INTERNATIONAL
PENSION FUND,

    Plaintiffs,

v.

CONTINENTAL FOOD PRODUCTS, INC.,
and
JOHN DOES NOS. 1-10

    Defendants.

Civil Action No. TDC-14-0380

**MEMORANDUM OPINION**

This Employee Retirement Income Security Act ("ERISA") withdrawal liability claim is before the Court on Defendant Continental Food Products, Inc.'s Motion to Dismiss as to Defendant John Does Nos. 1-10. ECF No. 7. Having reviewed the pleadings, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion is GRANTED.

**BACKGROUND**

On about June 30, 2012, Continental Food Products ("Continental") "permanently closed" a manufacturing facility whose employees were entitled under their collective bargaining agreement to employer contributions to Plaintiff Bakery and Confectionery Union and Industry International Pension Fund ("Fund"). Compl. ¶¶ 12-13, ECF No. 1. Plaintiff Board of Trustees

of the Bakery and Confectionery Union and Industry International Pension Fund ("Trustees") allege that, upon closing the facility, Continental stopped participating in the Fund, leaving Continental with what the Trustees calculated was a withdrawal liability of $341,396. *Id.* ¶¶ 12, 17. In a letter dated October 25, 2012, the Trustees gave notice to Continental of the liability and offered a payment plan of $1,342 a month for 240 months. *Id.* ¶ 17. Continental's first payment under that plan was due on December 1, 2012. *Id.* ¶ 19. By March 2013, Continental had not made any of its scheduled payments. *Id.* ¶ 20. In a letter dated March 22, 2013, the Trustees informed Continental that if the balance was not paid within 60 days, Continental would be in default. *Id.* ¶ 22. Continental did not make any payments by that deadline. *Id.* ¶ 23.

In October 2012, while in the process of determining the amount of Continental's withdrawal liability, the Trustees asked Continental to provide information on any other "group of trades or business under common control [of Continental's owners] on the date of its withdrawal" from the Fund. *Id.* ¶ 24. Under ERISA, any businesses under common control are treated as a single employer for purposes of collecting withdrawal liability. *See* 29 U.S.C. § 1301(b)(1) (2012). In January 2013, Continental provided information about the individuals making up its top six voting interests, but provided no response to the Trustees' request for information about other commonly controlled businesses. *Id.* ¶ 25. Over the ensuing year, the Trustees repeatedly asked Continental to provide any information about other commonly controlled businesses, but Continental did not provide such information. *Id.* ¶¶ 28-31. On January 16, 2014, in response to another request by the Trustees, Continental "refused" to provide any information about commonly controlled businesses, asserting that such information was "not relevant." *Id.* ¶ 31.

On February 7, 2014, the Fund and its Trustees (collectively, "Plaintiffs") filed this suit against Continental and John Does Nos. 1-10. Plaintiffs intended for the John Doe Defendants to be placeholders for any "unknown ... trades or businesses under common control with Continental." *Id.* ¶ 11. On May 14, 2014, Continental filed its Motion to Dismiss, in which it asks this Court to dismiss the Complaint as to the John Doe Defendants. ECF No. 7. On June 2, 2014, Plaintiffs filed their Response to the Motion. ECF No. 9. On June 16, 2014, Continental filed a Reply to Plaintiffs' Response. ECF No. 10.

## DISCUSSION

### I.  Dismissal as to John Doe Defendants

In its Motion, Continental asserts that Plaintiffs provide no factual allegations establishing the existence of any unnamed common-control businesses. Because, in Continental's estimation, the John Doe Defendants are purely speculative, Plaintiffs necessarily fail to state a claim as to those Defendants on which relief can be granted. *See* Mem. Supp. Mot. Dismiss at 3-4. In their Response, Plaintiffs explain that John Doe pleadings are common in ERISA actions and point out that they have had to resort to the John Doe pleading device only because Continental has "flouted its obligations to provide information that would clarify the identity of any John Doe defendants." Resp. Mot. Dismiss at 8, ECF No. 9. As to Continental's responses to the Trustees' request for common-control information, Plaintiffs add that Continental "at no point denied that there were other entities owned by these individuals" and speculate that Continental's "assertion that this information is 'not relevant' itself implies that the information does exist." *Id.* at 4.

The Federal Rules of Civil Procedure have no mechanism for the filing of a complaint against an unknown defendant. Rule 10(a) requires plaintiffs in their pleadings to "name all the

parties" to the action. Rule 4(a)(1) requires that a summons "name ... the parties" and "be directed to the defendant." "As a general rule," then, the use of John Doe defendants is not favored in the federal courts. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see Chidi Njoke v. Unknown Special Unit Staff*, 217 F.3d 840, 2000 WL 903896 at *1 (4th Cir. 2000) ("The designation of a John Doe defendant is generally not favored in the federal courts.") (citing *Gillespie*).

However, the United States Court of Appeals for the Fourth Circuit has clarified that the device of a John Doe pleading is appropriate when a plaintiff knows a defendant exists, but cannot identify that defendant by name. In *Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982), the Fourth Circuit held that the district court's dismissal of an action against a John Doe defendant, in part based on the district court's understanding "that [the Fourth Circuit] does not recognize John Doe suits," was erroneous. *Id.* at 197-98. *Schiff* involved a husband who was suing his former wife and a John Doe for violations of the Federal Wiretap Statute, 18 U.S.C. § 2520. In the waning days of the marriage, the wife and an "unidentified third party" tapped the family phone. *Schiff*, 691 F.3d at 197. There was no question that the third party existed: the wife admitted in a deposition that she had hired someone to help her install the tap. *Id.* What was unknown to the husband was the third party's actual identity. Citing a line of federal cases in which "courts have allowed actions to proceed against real, but unidentified, defendants," the Fourth Circuit held that because the John Doe in the case was "an actual person," the unknown status of the defendant was not a basis on which to dismiss the case. *Id.* at 197-98.

Here, Plaintiffs have not established that there are actual, but unidentified, additional businesses under common control of Continental's owners. Plaintiffs may suspect that such businesses exist, but that suspicion, without more, is not enough to make the generally

disfavored device of a John Doe pleading appropriate. Continental's motion to dismiss the Complaint against the John Doe defendants is therefore granted. Because the Court grants the Motion on this basis, it need not reach Continental's argument that the motion should be dismissed for insufficient process and service of process. Mot. Dismiss at 6.

## II.     Information Regarding Commonly Controlled Businesses

Plaintiffs are correct, however, that Continental is obligated to provide Plaintiffs with any information it possesses about the existence of any businesses commonly controlled by Continental's owners. 29 U.S.C § 1399(a) requires employers, within 30 days of a written request, to furnish to a plan sponsor[1] any information that the sponsor "reasonably determines to be necessary to enable [it] to comply with" the part of ERISA detailing the sponsor's obligations to determine and collect withdrawal liability. See 29 U.S.C. § 1382 (providing that a sponsor "shall" determine the amount of an employer's withdrawal liability and collect that amount). The Trustees made their first written request for common-control information in October 2012. See Compl. ¶ 24. Continental is thus well beyond the 30-day compliance window set forth in the statute.

Information about commonly controlled businesses is plainly relevant to the Trustees' efforts to collect the outstanding withdrawal liability, as Continental itself acknowledges. See Mot. Dismiss at 2 ("Presumably, if other trades or businesses were under timely common control with Continental, this would inure to the benefit of plaintiffs as it would expand the pool of potential sources [of payment]."). Thus, any discovery request for such information would be warranted, and the Court would expect that such information would be produced without delay or dispute.

---

[1] The Trustees qualify as "plan sponsors." See 29 U.S.C. § 1002(16)(B)(iii) (defining "plan sponsor" as including a "joint board of trustees").

If Plaintiffs receive in discovery information that reveals the existence of any commonly controlled businesses, Plaintiffs may at that time move to join those businesses as defendants pursuant to Federal Rule of Civil Procedure 20.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss as to Defendant John Does Nos. 1-10 is GRANTED. A separate Order follows.

Date: December 16, 2014

THEODORE D. CHUANG
United States District Judge